IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRELL SPEECH,<br><br>        Plaintiff,<br><br>    vs.<br><br>J. WARD, et al.,<br><br>        Defendants.<br>_____/ | No. CIV S-05-1403 FCD DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $8.26 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

In his complaint plaintiff alleges that in September of 2004, while incarcerated at Solano State Prison, he discovered maggots in the broccoli he had eaten for dinner. (Compl. at 12[1].) Plaintiff alleges that he immediately became nauseous and vomited all night. (Id.) He continued to suffer from stomach pains for two weeks and now has difficulty eating the food at the facility. (Id. at 13.) Based upon this incident, plaintiff alleges that his Eighth Amendment rights were violated by: (1) defendant Ward who is the food manager at Solano State Prison and is responsible for purchasing food, ensuring that it is prepared properly and maintaining sanitary conditions in the prison kitchen; (2) Harvest Farms, the vendor that sold the prison the broccoli; and (3) defendant Ted Simbulan, the cook who allegedly served the broccoli and knew or should have known that there were sanitation problems in the prison kitchen. (Id. at 14.)

To his complaint plaintiff has attached copies of his inmate grievances filed in connection with this incident. At the first level of review, plaintiff's appeal was partially granted with the hearing officer making the following findings:

> During the interview you were shown a copy of the results from the last Environment Health Survey dated July 9, 2004. You stated you are still having concerns about eating, however, you understand that Food Services is taking the required precautions to prevent future occurrences by continuing to wash all frozen fruits and vegetables.
>
> The results of the inquiry reveal Food Services immediately informed the vendor of the problem with frozen vegetables. The Vendor stated all vegetables are inspected by the USDA and any that are not stamped okay are rejected. Food Services will continue to wash the vegetables and look for any sign of a bad product. No inferior foods will be used. . . . .

(Id. at 8.)

---

[1] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

At the second level of review the reviewer issued similar findings in response to plaintiff's grievance, stating as follows:

> The Second Level Review concurs with the First Level conclusion that appropriate measures have been taken to wash frozen fruits and vegetable products prior to serving to the inmate population. A review of all attached documents and arguments concludes that your case appears to be an isolated incident. The Food Services Department does conduct weekly and monthly inspections of all food service areas. According to Food Services Department staff there was no other reported incidents of contaminated vegetables on September 30, 2004.

(Id. at 10.)

Prison officials have a duty to provide humane conditions of confinement which includes ensuring that inmates receive adequate food. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). However, only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. Moreover, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. (quoting Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.1985)). See also George v. King, 837 F.2d 705, 707 (5th Cir. 1988) ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners.); Islam v. Jackson, 782 F.Supp. 1111, 1114-15 (E.D. Virginia 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion); Bennett v. Misner, No. Civ. 02-1662-HA, 2004

WL 2091473 at *20 (D. Or., Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eighth Amendment violation.")

Although the court is sympathetic to the conditions which plaintiff experienced, his allegations fail to state a cognizable claim for violation of the Eighth Amendment. Plaintiff has alleged a single incident of being served a meal contaminated with maggots. Although plaintiff states that he had heard rumors about roaches and worms in cereal at the prison, he does not allege any other incident in which he was served a contaminated meal. Moreover, plaintiff alleges that culinary staff at some point came to his cell and apologized for this incident, informing plaintiff that as a result they had changed food vendors.[2] Thus, from plaintiff's complaint it appears that this was an isolated occurrence. There are no allegations that, if accepted as true, would indicate that defendants Ward and Simbulan were deliberately indifferent to plaintiff's nutritional needs or otherwise subjected him to cruel and unusual punishment. The fact that plaintiff now has difficulty eating the food at Solano State Prison does not suggest that the food served at the institution is inadequate to maintain his health.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $8.26. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

---

[2] The court notes that Harvest Farms, Inc. does not appear to be a proper defendant in this civil rights action. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). According to the allegations of plaintiff's complaint, it appears that Harvest Farms was a private commercial food distributor, not a governmental entity acting under color of state law.

1    Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
2 to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).
3    These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED: October 3, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
spee1403.56